# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTA I. POSADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-03011 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER** |

## I.
## BACKGROUND

Plaintiff Berta I. Posada filed her application for disability benefits under Title II of the Social Security Act on June 3, 2012. After denial on initial review and on reconsideration, a video hearing took place before an Administrative Law Judge (ALJ) on June 25, 2014, at which Plaintiff testified on her own behalf with the assistance of a Spanish interpreter. In a decision dated August 11, 2014, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 1, 2008, the alleged onset date, through December 31, 2012, the date last insured. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated March 9, 2016. Plaintiff

filed a Complaint herein on May 2, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on November 10, 2016 ("Pl. Mem."); the Commissioner filed a memorandum in support of her answer on January 19, 2017 ("Def. Mem."); and Plaintiff filed a reply on February 2, 2017 ("Pl. Reply"). This matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

As reflected in the parties' memoranda, the sole disputed issue is whether the ALJ properly rejected plaintiff's pain and symptom testimony.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings, and plaintiff's reply.

2

# IV.

# FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

# V.

# THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2008, the alleged onset date, through December 31, 2012, the date last insured. (AR 80.) At step two, the ALJ found that Plaintiff had the following severe impairments: s/p basilar joint arthroplasty of the left thumb, left cubital tunnel syndrome, thoracic outlet syndrome, and obesity. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 82.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform medium work, except that Plaintiff is limited to frequent (not constant) use of the left non-dominant hand for grasping. (AR 83.) Finally, at step five, the ALJ found that based on Plaintiff's age, education, work experience and RFC, Plaintiff was capable of performing past relevant work as an inspector and a store laborer. Further, there are other jobs existing in the national economy that she is able to perform. (AR 87.) Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 1, 2008, the alleged onset date, through December 31, 2012, the date last insured. (AR 88.)

# VI.

# DISCUSSION

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986);

*see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, since the Commissioner has not argued that there was evidence of malingering and that a lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering).

At the administrative hearing in June 2014, Plaintiff testified regarding, *inter alia*, pain and limitations in use of her hands. For example, she testified that she could wash dishes and iron for only 5 minutes before pain in her hands required her to stop. (AR 38.) She could hold no weight with her hands (not even a plate) without potentially dropping it. (AR 39.) And when she washed dishes, she had to place them on the sink, rather than hold them. (*Id*.) She further testified that she could not hold a gallon of milk (approximately 10 pounds), even using both hands, and that this condition had existed for about three years. (*Id*.) Plaintiff also testified that sitting, standing or lying down caused her back and leg pain to get worse ─ and that pain prevented her from being in any of these positions more than a relatively short time. (AR 40-41.)

The ALJ found that Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were not entirely credible and provided a number of reasons in support of that finding. (AR 83-86.) One reason provided by the ALJ was that Plaintiff's condition improved greatly with treatment. (AR 85.) In particular, the ALJ reviewed the improvement in Plaintiff's left hand following an October 2010 surgical procedure. For example, at two and one-half months (10 weeks) post-surgery, Plaintiff's thumb was "fine," but her wrist and finger had stiffness. (AR 84, citing AR 416.) Strengthening was also needed. (*Id*.) Later, at six months post-surgery, plaintiff was doing "reasonably well," and her only complaint about her hand was numbness in the ulnar of two fingers. (AR 84, citing

AR 365.) It was also reported by her occupational therapist that Plaintiff had met goals relating to reduced pain and increased range of motion, grip strength and functionality. (AR 84, citing AR 364.) Plaintiff could perform her home exercise program without assistance and complained of only slight pain in her wrist. (*Id.*) In assessing credibility, the ALJ could properly consider whether treatment had produced a satisfactory response and control of pain. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced satisfactory response and control of pain). Accordingly, the Court finds this to be a clear and convincing sufficient reason — supported by substantial evidence — on which the ALJ could rely in support of his adverse credibility determination.

As an additional reason supporting the credibility finding, the ALJ cited the record showing that evidence of activities of daily living were not consistent with the level of pain and limitations to which Plaintiff testified. (AR 85.) Specifically, Plaintiff reported to her physical therapist that she cooks, cleans and walks; that she could she could sit and watch TV for 30 minutes at a time without pain; that she slept six hours without waking; and that she was independent in the activities of daily living. (AR 796.) As noted by the ALJ, these activities and her statements to her physical therapist contradict various aspects of Plaintiff's testimony where she said that she could not lift items and could not sit, stand or lie down without debilitating pain. (AR 85.) Under Ninth Circuit law, this contradiction between her daily activities and her testimony was a legally sufficient reason to find plaintiff not fully credible. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Berry v. Astrue*, 622 F.3d 1228, 1234-35 (9th Cir.

2010) (evidence that claimant's self-reported activities suggested a higher degree of functionality than reflected in subjective symptom testimony adequately supported adverse credibility determination); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (evidence of daily activities may form basis of an adverse credibility determination where it contradicts the claimant's other testimony); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (finding ALJ's credibility determination to be proper where claimant was able to cook, clean, shop and take care of her personal needs). And even if the evidence of Plaintiff's daily activity could be subject to more than one interpretation, the ALJ's interpretation must be upheld if that interpretation is rational, as it is here. *Id.*

As a third reason, the ALJ pointed out how Plaintiff's subjective symptom testimony was not supported by the objective clinical and diagnostic finding in the record. (AR 85.) Although this may not be the *sole* reason to support an adverse credibility finding, "it is a factor that the ALJ can consider in [her] credibility analysis." *Burch,* 400 F.3d at 681; *see also Molina*, 674 F.3d at 1113 (ALJ properly rejected claimant's testimony in part because it was inconsistent with medical evidence in the record); *Morgan,* 169 F.3d at 600 (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints). In the present case, the ALJ's assessment of the objective medical evidence was not error as part of the adverse credibility determination. The Court has reviewed the ALJ's discussion of the objective evidence at AR 80 to 86 and finds that it is specific and supported by substantial evidence in the record. In addition, this did not constitute improper medical opinion by the ALJ, but instead was a fair summary of the medical evidence. Nor was the ALJ required to develop

the record further by calling a medical expert because the record was adequate for proper evaluation of Plaintiff's claims. *Cf. Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (duty to develop record where there is ambiguous evidence or where record is inadequate for proper evaluation of the evidence). [2]

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: April 26, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also takes issue with another reason cited by the ALJ, i.e., that Plaintiff stopped working in 2007 because she was laid off and could not find another job. (AR 85.) While this was a factor that the ALJ could consider (*see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001)), the Court would not find this reason ─ standing alone ─ constitutes clear and convincing evidence to support the adverse credibility finding in the present case. That, however, is not a ground on which to reverse the Commissioner's decision here because multiple other reasons also support the ALJ's credibility determination with clear and convincing evidence.